UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIK DAVID NEVAREZ,

    *Petitioner*,

              CRIMINAL CASE NO. 08-CR-20517-02
              CIVIL CASE NO. 10-CV-14701

*v*.

UNITED STATES OF AMERICA,

              DISTRICT JUDGE THOMAS LUDINGTON
              MAGISTRATE JUDGE CHARLES BINDER

    *Respondent*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(Doc. 161)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

It is further recommended that the Motion for Documents and Transcripts (Doc. 164) be **DENIED AS MOOT**.

## II.    REPORT

### A.    Introduction

Pending, pursuant to an Order of Reference from United States District Judge Thomas Ludington, is Erik David Nevarez's motion to vacate his federal custodial sentence, which was filed on November 22, 2010, and brought pursuant to 28 U.S.C. § 2255. (Doc. 161.) Respondent submitted a response (Doc. 167), and Petitioner Nevarez (hereafter "Nevarez") did not file a reply. Nevarez also filed a Motion for Documents and Transcripts on November 22, 2010 (Doc. 164),

and Respondent filed a response to that motion as well. (Doc. 168.)[1] Having reviewed these documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), the motions are ready for Report and Recommendation without oral argument.

### B.    Background

Nevarez was charged in a single-count indictment with conspiracy to manufacture and possess with intent to manufacture more than 1,000 marijuana plants in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. 37.) On May 27, 2009, Nevarez pleaded guilty to the single count in the indictment pursuant to a Rule 11 plea agreement. (Doc. 113.) On November 3, 2009, Nevarez was sentenced and judgment was entered on November 4, 2010, sentencing Nevarez to the custody of the Bureau of Prisons ("BOP") for a term of 240 months. (Doc. 152.) The docket does not reveal any notice of appeal filed within the time limits stated in Rule 4(b) of the Federal Rules of Criminal Procedure.

### C.    Governing Law

In order to prevail on a section 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the

---

[1]I note that this motion was also referred to the undersigned magistrate judge. (Doc. 165.)

proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)). An ineffective assistance of counsel claim "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights

3

the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

**D.     Analysis and Conclusions**

**1.     Arguments of the Parties**

Nevarez contends that his counsel was ineffective for "coercing [him] to sign a plea agreement" because Nevarez is "not proficient in English" and "didn't understand the procedure and the plea agreement" and that his "attorney coerced [him] in conjunction with prosecutor to sign a plea agreement pleading guilty." (Doc. 161 at 4.) Nevarez also claims that his attorney was ineffective for "not arguing about the motion to suppress filed . . . that was never solved or taken into consideration by the judge [because] [t]he motion to suppress had merit" and for "not arguing the 'motion to dismiss' indictment in a proper way." (*Id*. at 5-6.) Nevarez also contends that his "attorney failed to appeal the conviction as I wanted her to do." (*Id*. at 10.)

The government contends that Nevarez waived his right to collaterally attack his conviction or sentence under § 2255, that Nevarez "does not dispute the validity of this waiver," and that although Nevarez claims he was "coerced into pleading guilty, the record clearly contradicts his claim." (Doc. 167 at 3.)

### 2.      Plea Agreement and Waiver Standards

The Rule 11 plea agreement provided:

> If the sentence imposed falls within the guideline range in Paragraph 2B, above, defendant waives any right to appeal his conviction. . . . Defendant understands that defendants generally have the right to collaterally attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily <u>waives</u> that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

(Doc. 113 at 7-8 (emphasis in original).)

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)). Therefore, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In Re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord, Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) ("plea agreement waivers of § 2255 rights are generally enforceable"). However, "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Acosta*, 480 F.3d at 422.

Although the government contends that Nevarez "does not dispute the validity of this waiver" (Doc. 167 at 3), since the waiver is contained in the plea agreement and Nevarez asserts that he did not understand the plea agreement because he is not proficient in English, I suggest that Nevarez has disputed the validity of the waiver, albeit indirectly. Therefore, the court must address

whether the plea agreement, with the waiver contained therein, was entered into knowingly and voluntarily.

### 3.      Whether the Plea Agreement Was Entered Into Knowingly & Voluntarily

Nevarez contends that counsel was ineffective for "coercing [him] to sign a plea agreement" because he is "not proficient in English" and "didn't understand the plea agreement." (Doc. 161 at 4.) I suggest that the record resoundingly contradicts his claim. At the plea hearing, an interpreter was provided for Nevarez. Even so, when he was asked if he was Erik Nevarez, he responded independently, "Yes." (Doc. 173 at 4.) Nevarez continued to respond independently, i.e., before the interpreter could translate, throughout the hearing. (*Id.* at 5, 6, 7, 8, 9, 15, 16, 17, and 19.) Therefore, he appeared to be understanding English even without the interpreter; however, even assuming he could not understand English, he was provided with and utilized the services of an interpreter.

As the plea proceeding continued and Nevarez was under oath, Nevarez was asked if he was able to understand the written and oral communications as interpreted to him and he responded in the affirmative. (*Id.* at 6.) Nevarez was also asked whether he had discussed the Rule 11 agreement with his counsel and whether he was satisfied with his counsel's advice and service, to which he responded that he was satisfied. (*Id.* at 7.) Nevarez was told of all the rights he would be giving up if he were to plead guilty, and he indicated that he understood but still wished to plead guilty. (*Id.* at 7-9.) The Rule 11 agreement was summarized on the record (*id.* at 9-14), including that portion which indicated Nevarez was willing to waive his rights to appeal, including his "right to collaterally attack his conviction by any post-conviction motion, including but not limited to a motion under 28 U.S.C. § 2255, commonly known as habeas corpus." (*Id.* at 13-14.) Nevarez was then directly questioned by the court to assure that he was fully informed, that no promises or

threats had been made outside of the Rule 11 agreement, and that he would not be able to appeal or to seek release at a later point through a petition for habeas corpus. (*Id*. at 15-16.)

The Court then asked Nevarez if, after all the advice given, he still wanted to plead guilty, to which Nevarez responded that he did want to plead guilty. (*Id*. at 17.) The Court then asked again whether Nevarez was pleading voluntarily because he was guilty and whether it was his choice to plead guilty, to which Nevarez responded, "yes." (*Id*. at 17.) Nevarez indicated that he "helped attend to the marijuana plants" and that there were "about a thousand plants." (*Id*. at 17-18.) After giving a factual basis, the Court asked Nevarez how he wanted to plead and he indicated, "guilty." (*Id*. at 19.) The Court again asked if he was pleading guilty of his own free will and Nevarez responded independently, "yes." (*Id*. at 19-20.)

I suggest that the record does not support Nevarez's claim that his plea was not knowing or voluntary. I further suggest that Nevarez has not shown how counsel's performance was deficient, how he was prejudiced, or how the proceeding was unfair or unreliable.  I therefore suggest Nevarez is not entitled to § 2255 relief on this ground. In addition, I suggest that, because the waiver was entered into knowingly and voluntarily, it should be enforced.

### 4.    Whether Counsel was Ineffective for Allowing Petitioner to Plead Guilty Prior to Resolution of Motions

Nevarez contends that counsel was ineffective for "not arguing about the motion to suppress . . . that was never solved or taken into consideration by the judge" and a motion to dismiss the indictment even though Nevarez claims they "had merit." (Doc. 161 at 5-6.) The record shows that defense counsel filed a motion to suppress the statements of co-defendant Vizcarra (Doc. 61) and joined in a motion to dismiss the indictment. (Doc. 63.) However, these motions were never resolved by the Court because Nevarez pleaded guilty while the motions were still pending.

"It is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005); *accord, United States v. Martinez-Orozco*, 52 Fed. App'x 790, 792 (6th Cir. 2002). Thus, even though Nevarez has raised this issue under the guise of ineffective assistance of counsel, since the substantive arguments in the motions could not have been argued on appeal, I suggest that Nevarez cannot and has not shown how he suffered any actual prejudice from counsel's failure to pursue the motions to resolution.

Similarly, even if the Court were to address the merits of the ineffective assistance of counsel claim based on failure to pursue the motions, Nevarez has failed to indicate how counsel was ineffective other than his conclusory allegation that the motions had merit. Even assuming, *arguendo*, that it was ineffective to allow Nevarez to plead guilty before resolving the motions, as indicated above, Nevarez has not shown any prejudice that would render the proceeding unreliable as required by *Strickland* and *Lockhart*. I therefore suggest that the § 2255 motion should be denied as to this ground.

### 5.     Whether Nevarez's Unfulfilled Request for Counsel to File an Appeal Precludes Enforcement of the Waiver

Nevarez also contends that his "attorney failed to appeal the conviction as I wanted her to do." (Doc. 161 at 10.) The Supreme Court stated in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. The Court "h[e]ld that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance claim entitling him to an appeal" without any further showing. *Id.* at 484.

8

The Sixth Circuit has summarized that "[s]tripping *Flores-Ortega* to its rudiments, it becomes clear that there are two scenarios in which the two *Strickland* components can be satisfied in a single stroke: (1) where the defendant specifically instructs his attorney to file an appeal, and his attorney does not; and (2) where non-frivolous grounds for appeal exist, yet no appeal is filed." *United States v. Lovell*, 83 Fed. App'x 754, 759 (6th Cir. 2003) (internal citation omitted). However, *Flores-Ortega* did not address the enforceability of a waiver of collateral attack rights under § 2255.

### a.    Direct Appeal

In a recent unpublished Sixth Circuit case, the defendant/petitioner argued that "an attorney's failure to perfect an appeal when instructed to do so, or failure to consult with the client when grounds or interest exist, constitutes ineffective assistance of counsel *even where*, as here, the defendant has entered into a plea agreement waiving some or all of his rights to a direct appeal." *Sarlog v. United States*, No. 09-3033, 2011 WL 63599, at *4 (6th Cir. Jan. 7, 2011) (emphasis in original). The court noted that "this argument raises an issue on which the circuits are currently split." *Id.* The Sixth Circuit noted that the Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits have held that the *Flores-Ortega* issue survives, i.e., that counsel may be ineffective for failing to file an appeal when requested even though the defendant entered into a plea agreement waiving his appellate rights. On the other hand, the Third and Seventh Circuits have held that counsel may rely on the instruction not to file an appeal that is implicit in the waiver of appellate rights. *Sarlog*, at *4, n.2 (listing cases). However, the Sixth Circuit did not did not rule on this issue because the court found that the petitioner had not knowingly and voluntarily waived his right to appeal. *Id.* at *4.

9

With this express absence of any Sixth Circuit authority, I suggest that the approach taken by the Third and Seventh Circuits is the most cogent. In *United States v. Mabry*, 536 F.3d 231 (3rd Cir. 2008), the court held that if the waiver of direct appeal and collateral attack rights was made knowingly and voluntarily, an ineffective assistance of counsel claim based on failure to file an appeal would be precluded and the plea agreement would be enforced absent a narrowly-defined exception to prevent a miscarriage of justice. *See also Nunez v. United States*, 546 F.3d 450, 452 (7th Cir. 2008) (on remand) (government surrendered argument regarding waiver but the court stated in dicta that "it would be anomalous to plead guilty and waive appeal, yet reserve by indirection a right to test the conviction later"). I therefore suggest that Nevarez's unfulfilled request for counsel to file a direct appeal should not preclude enforcement of Nevarez's direct appeal waiver.

Like the Fourth Circuit, I recognize that enforcing a waiver of the right to appeal without addressing the merits of a claim could leave a defendant whose civil rights were violated after pleading guilty without recourse. The Fourth Circuit has pointed out that "a defendant who waives his right to appeal [in a plea agreement] does not subject himself to being sentenced entirely at the whim of the district court." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit has therefore "refused to enforce appeal waivers in cases that involve errors that the defendant could not have reasonably contemplated when the plea agreement was executed." *United States v. Poindexter*, 492 F.3d 263, 272 (4th Cir. 2007). Examples of errors that could not reasonably be contemplated when the plea agreement was executed include a sentence imposed in excess of the maximum penalty or based on a constitutionally impermissible factor such as race. *Marin*, 961 F.2d at 496; *accord, United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994).

10

However, in *United States v. Blick*, 408 F.3d 162, 173 (4th Cir. 2005), the Fourth Circuit went on to explain that where the scope of the waiver is not violated, i.e., where a defendant is "sentenced precisely in the manner that he anticipated[,]" the appellate waiver must be enforced. In *Blick*, the plea agreement provided that defendant would be sentenced within the maximum provided in the statute of conviction and in accordance with the pre-*Booker* guidelines. *Id.* The court held that even though "the law changed after he pled guilty, his expectations (as reflected in the plea agreement) did not." *Id.* Therefore, the court held that the defendant had not been sentenced at the whim of the district court but rather had been sentenced in accordance with his bargained-for result that was reasonably contemplated when the plea agreement was executed. *Id.* The court also noted that plea agreements "rest on contractual principles, and each party should receive the benefit of its bargain." *Id.* The court concluded that to allow the defendant to appeal on the issue of ineffective assistance of counsel where the defendant received exactly what he bargained for would "unfairly deny the United States an important benefit of its bargain." *Id.* Therefore the court found the issues raised were "within the scope of the waiver" and the court granted the government's motion to dismiss. *Id.*

I suggest that even under the more protective approach taken by the Fourth Circuit, Nevarez is not entitled to escape the consequences of his appellate waiver. Since Nevarez was sentenced entirely in accordance with the plea agreement, I suggest that any issues raised are within the scope of the waiver, would have reasonably been contemplated at the time he entered his plea, and should not be held to undermine Nevarez's waiver of his right to direct appeal.

### b.    Collateral Relief Under § 2255

Recent district court cases have focused on the narrow issue of whether a petitioner's right to assert an ineffective assistance claim in a later post-plea collateral proceeding, such as § 2255,

has also been waived. *United States v. Rico-Bustamante*, No. CR07-0611-PHX-MHM, CIV08-1108-PHX-MHM (DKD), 2010 WL 5467052, at *3 (D. Ariz. Sept. 10, 2010); *Lewis v. United States*, No. CV08-2084 PHX-DGC(JRI), 2009 WL 4694042, at *5 (D. Ariz. Dec. 4, 2009). These courts have held that "nothing in *Flores-Ortega* . . . would render [petitioner's] waiver unenforceable" since "post-plea ineffectiveness has no impact on the validity or enforceability of the waiver of [his] collateral attack rights." *Rico-Bustamante*, at *3 (quoting *Lewis*). In such circumstances, absent a showing that the plea or waiver was invalid, the *Flores-Ortega* claim will "not overcome a valid waiver of *collateral challenges.*" *United States v. Rivers*, No. 08-200006-01-KHV(Crim), 10-2343-KHV (civ), 2011 WL 484190, at *3 (D. Kan. Feb. 7, 2011). I find this reasoning persuasive.

"If collateral attack waivers could not bar the Sixth Amendment challenges that do not amount to a complete deprivation of counsel, then the waivers could be sidestepped by every petitioner who framed their habeas challenge as stemming from the ineffective assistance of counsel." *Osborne v. United States*, No. 1:07CR00057, 2010 WL 227821, at *6 (W.D. Va., Jan. 19, 2010). If it were otherwise, the ineffective assistance of counsel exception to the collateral attack waiver rule would render the waiver useless. "'If all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack merely by challenging the attorney's failure to achieve the desired result.'" *Osborne*, at *6 (quoting *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002), and citing *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000)). "Many courts have, accordingly, characterized attempts by petitioners to advance these ineffective assistance of counsel claims as mere camouflage for the explicit avenues of collateral attack that they have admittedly waived." *Id.*

A district court in the Sixth Circuit has come to a similar conclusion, holding that "the complete waiver of the right to appeal or collaterally attack a conviction and sentence by defendant [] in his plea agreement removes this case from the scope of *Flores-Ortega* or, at the very least, the defendant's knowing and voluntary waiver of his right to appeal or collaterally attack his conviction and sentence rebuts any presumption." *United States v. Arevalo*, No. 5:07-153-JMH-JGW (crim) and 09-7071-JMH-JGW (civ), 2010 WL 5391459, at *2 (E.D. Ky. Dec. 22, 2010). The court reasoned that "requiring counsel to file such appeal pleadings would be futile in the face of a knowing and voluntary waiver of the right to take an appeal." *Id*. Further, "requiring counsel to file a notice of appeal or an *Anders* brief in the face of such a waiver would be nonsensical . . . [and] would also create an infallible rule out of the holding in *Flores-Ortega* that both defies logic and depends on a scenario which was not before the Court in that case." *Id.* The court noted that it found itself "in good, if somewhat limited, company" in its conclusion. *Id.* (citing *Mabry* and *Nunez* ("[c]ollateral review is not a means to undo an express waiver of an issue").) I therefore suggest that Nevarez's request for counsel to file a notice of appeal does not preclude enforcement of the valid § 2255 waiver.

In addition, as stated in the cases upholding waivers of direct appeals, collateral relief should be barred where the plea agreement was entered into knowingly and voluntarily because "[h]aving received the benefit of his agreement, and having entered into his agreement knowingly and voluntarily, the defendant should not now be permitted to violate that same agreement." *United States v. Coleman*, No. 07-185-JBC-JGW-2 (crim) and No. 09-7091 (civ) , 2010 WL 5173205, at *2 (E.D. Ky. June 7, 2010).[2]

---

[2] As to the petitioner's contention that his counsel failed to file a notice of appeal despite his timely request to do so, the court held, without an evidentiary hearing, that "it was not error for counsel to do so given the valid waiver in defendant's plea agreement." *Id.* (citing *Nunez, supra.*)

**6.    Conclusion**

I therefore suggest that the waivers contained in Nevarez's plea agreement should be enforced and that his § 2255 motion should be denied.

## III.    <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.


                              s/ Charles E. Binder
                              CHARLES E. BINDER
Dated: March 11, 2011         United States Magistrate Judge

14

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and served by first class mail on Erik David Nevarez, #42346-039, FCI Allenwood Low, P.O. Box 1000, White Deer, PA 17887.

Date:  March 11, 2011                    By:  s/ *Jean L. Broucek*
                                              Case Manager to Magistrate Judge Binder